EUGENE TAYLOR, *Appellant*, v. FRANK P. DAY, *Appellee.*
136 So. 701.
En Banc.
Opinion filed September 23, 1931.

*Paul Pinkerton* and *E. B. Drumright,* for Appellant;
*Edwin R. Dickenson,* for Appellee.

ANDREWS, Commissioner:—This cause is here upon appeal from an order of the Circuit Court of Hillsborough County sustaining a demurrer to a bill of review filed by Eugene Taylor attacking the validity of a final decree, rendered in favor of appellee Frank P. Day in a former case of Day v. Taylor, et al., which decree was entered pursuant to the foreclosure of a vendor's lien held by Day upon certain real property under a parol purchase contract entered into by Day as vendor and Taylor as purchaser.

The *merits* of the original case up to the time of rendering the decree sought to be reviewed are not questioned in the bill of review. It is contended that the former decree itself should be amended so as to fix the requirements of the deed of conveyance to be executed by Day to Taylor in order that the latter may be protected from a certain judgment which was of record against the property prior to the rendition of the said decree.

The bill of review alleges in substance that on September 3, 1929, a final decree was entered in favor of Frank P. Day in the foreclosure of his vendor's lien and therein adjudged that the defendant Eugene Taylor was entitled to a set-off and counter-claim of $1100.00 as a credit due on the $1800.00 purchase price of the lot from Day, and that the defendant was due complainant the balance of $700.00 together with costs to be paid in three days and in default that the premises should be sold to the highest bidder to pay said judgment; that the property was on October 7, 1929, sold at public outcry and bid in by complainant Day for $725.00 and the sale was confirmed by decree of the court which was filed October 10, 1929.

The bill of review in substance further alleges that after the rendition of the final decree of foreclosure, the defendant Taylor tendered to said Day, the sum of $700.00 and demanded of and from said Day, "a conveyance by deed covering said premises with covenants of title free from incumbrances," but that said Day "refused to convey the same;" that at the time of said tender, also at the time of the entry of final decree and sale there was of record in said county a judgment against the said Day which constituted a lien and charge against said premises in favor of Sullivan Remilling Co., in the sum of $513.66, which judgment remained unsatisfied and said Day refused to satisfy and remove; that on September 30, 1929, before sale, the defendant presented a petition for injunction attempting to enjoin the sale of said property under said decree apparently for the purpose of getting same modified. It is alleged that the final decree was erroneous in that it failed to require complainant Day "to convey a merchantable title, free of incumbrances to the said premises," upon the payment of the $700.00 and costs.

The bill of review prays that final decree be so amended as to require the delivery of a deed executed jointly by Day and wife conveying a good title to said property free

and clear of said incumbrance to Taylor upon the payment of the $700.00 and costs by the latter.

A demurrer to the bill of review which was sustained by the trial court raises several questions, usually directed at a bill of this nature, among them, that the complainant is guilty of laches; that all matters relied upon for review have already been fully adjudicated between the parties; that complainant has a plain, complete and adequate remedy at law; that the bill fails to set up new matter arising since the entry of the said decree sought to be reviewed; that the said bill fails to allege any error of law appearing in the body of the decree sought to be reviewed.

Upon the question of laches, it is shown that the final decree complained of was rendered on September 3, 1929, and that defendant's application to stay proceedings and enjoin the sale was denied September 30, 1929; that the bill of review was filed by permission of the court February 10, 1930, which leaves intervening five months and seven days between the date of filing the decree and that of filing the bill of review. This places the filing of the bill of review within the period of six months from the entry of the decree which is allowed for taking an appeal. This has been construed to be a reasonable time permitted in this State for presenting a bill of review for errors apparent of record.

In the case of Zewadski v. Barksdale, 86 Fla. 552, 98 So. 590, this Court said:

"There is no statute in this State fixing the time within which bills of review may be filed, but the general rule, both in England and in the various jurisdictions of this country, is that for errors apparent on the record, a bill of review should be brought within the time allowed for an appeal or writ of error, except for some very clear reason, such as complainant's disability." See number of authorities there cited; also Hall v. Hall, 93 Fla. 709, 112 So. 622.

Section 5752, Compiled General Laws of Florida, 1927, provides that:

> "The circuit courts of this State, and the judges thereof at chambers, shall have jurisdiction, power and authority to rescind, vacate and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pursuant to the terms of such decree and to dismiss the foreclosure proceeding upon the payment of all court costs."

If Taylor by his petition to enjoin, or by other formal procedure, presented to the court before the foreclosure sale the fact as to the decree being in the form not requiring the complainant Day to convey a good title to said property free of incumbrance, then Taylor should not be held to have lost his rights to bring bill of review within six months.

The main contention of appellant Taylor is that the complainant Day should have been required by the decree to convey a good title, that is, a title free from all incumbrances of record, as a condition precedent to the payment of the $700.00 and costs by the defendant Taylor, the presumption being that in the absence of any agreement or understanding to the contrary the complainant under his oral contract had by necessary implication obligated to convey a good title to Taylor free of incumbrance upon the payment of the purchase price.

It has been held by this court that a purchaser under an executory contract cannot be compelled to complete his purchase or accept title to property under incumbrances which vendor cannot or will not remove, and which the purchaser cannot himself remove by an application of the purchase money. Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876.

It was there also held that

> "In every valid contract for the sale of lands whatever may be the language in which it is couched, there is an implied undertaking to convey a good title, unless

> such an obligation is expressly excluded by the terms of the agreement.''

also that where a vendor of real property expressly or by implication agrees to convey a good or marketable title that undertaking is discharged only by the conveyance of a title unincumbered and free from any reasonable doubt as to any question of law or fact necessary to sustain its validity.

In line with the above decision, this Court subsequently held in the case of DeHuy v. Osborne, 96 Fla. 435, 118 So. 161, that:

> ''Every valid undertaking to convey land implies the conveyance of a good title, unless of course such an obligation is excluded by the other provisions of the contract;'' citing Wheeler v. Sullivan, supra; Holland v. Holmes, 14 Fla. 390; Frazier v. Boggs, 37 Fla. 307, 20 So. 245; Shouse v. Doane, 39 Fla. 95, 21 So. 807.

Under a *literal* construction of the decree complainant Day may comply with it by merely tendering a deed to defendant Taylor conveying the property notwithstanding the judgment of $513.66 standing of record against the property in favor of the Sullivan Remilling Co., and thus leave Taylor at his peril to accept the consequences.

It appears from the pleadings and the testimony that after the parol agreement was made, Taylor took possession of the lot and at the time of the taking of testimony had constructed a dwelling thereon in which he was living. It may be that the $513.66 judgment of the Sullivan Remilling Co. represents the cost of material used by Taylor in constructing the said building. It is observed however that said company was upon motion of Day dismissed from the foreclosure suit brought by Day against Taylor et al. The legal status of this claim may seriously affect the status of the suit here for review.

A bill of review may be brought to procure alteration of a decree made in a former suit when based upon errors apparent upon the face of the decree without examination

of matters of fact upon which it is based. Mattair v. Card, 19 Fla. 455; Armstrong & Donahue, Florida Chancery Jurisprudence, 245; Hall v. Hall, 93 Fla. 709, 112 So. 622.

Such a bill cannot be predicated upon mere formal irregularities nor matters resting in the discretion of the court. The decree complained of must be contrary to some principle or rule of law or equity recognized and acknowledged or settled by decisions; and in order to ascertain if there be error in the decree, the general practice is to look back of the decree into the whole record of the pleadings and proceedings, but exclusive of the evidence. Hall v. Hall, supra; Whitehouse Equity Practice, Secs. 143-151; 3 Ency. Pl. & Pr. 570-586.

If the defendant Taylor in the former suit within the time required offered to pay the $700.00 and costs as he alleges upon the delivery to him of a deed conveying a good title free of incumbrances and the same was refused and thereupon and before sale he presented a petition to enjoin and stay the sale of said property pending a modification of the decree requiring conveyance of good title which was denied, it does not appear that there was such delay as would preclude Taylor filing his bill of review within the six-months period allowed for appeals.

While there may be instances where a vendee would be left to his remedy at law to apply the purchase money to any incumbrance of record which the vendor may refuse to remove, yet if the suit be one in chancery based upon an executory contract and the vendee would have to resort to the added expense and delay of a suit at law to obtain good title which he was as a matter of right entitled to in the chancery suit, a demurrer to the bill of review under the facts here presented, which was filed within six months from entry of such final decree for the purpose of having the decree modified, ought not to have been sustained as a whole. See Wheeler v. Sullivan, supra.

Our conclusion is that the agreement of sale not having

been made in writing (and no waiver of dower by the wife appearing), that vendor's wife could not be required by the decree to join her husband in a deed to the lot in which she had such right. The husband vendor, however, may be required to perform his contract to the extent of conveying his interest to vendee free of the judgment in question upon payment by vendee of the proper amount—thus leaving the wife's dower where the court found it. See Fisher v. Miller, 92 Fla. 48, 109 So. 257.

The trial court erred in sustaining the said demurrer and dismissing the bill of review.

The order is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the order of the court below should be, and the same is hereby, reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.