PER CURIAM.
Defendants below seek review by interlocutory appeal of an order denying their petition for stay of foreclosure sale, motion to set aside final decree of foreclosure and objection to sale. The chancellor, having heard the testimony and exhibits offered at the final hearing, entered the final decree of foreclosure subsequent to which the subject real property was sold. The petition and objection to the sale and motion to set aside the final decree of foreclosure were filed subsequent to this foreclosure sale.
The appellants raise three points in their brief upon which they rely for reversal. These points are directed to the entry of the final decree of foreclosure and the chancellor’s denial of their motion to set aside this decree. It appears that appeal was not taken from the final decree of foreclosure, nor was the motion to set aside this decree filed within the time prescribed for filing a petition for rehearing.[1] An appellate court may not review a final decree not appealed in a proceedings to review a subsequent order. 2 Fla.Jur., Appeals, § 305.
The appellee contends that by the terms of § 702.07, Fla.Stat., F.S.A., the chancellor had lost the power to set aside this decree. Section 702.07, supra, grants to the chancellor the power to “rescind, vacate and set aside a decree of foreclosure of a mortgage of property at any time before sale thereof has been actually made pursuant to the terms of such decree.” See also Taylor v. Day, 102 Fla. 1006, 133 So. 701.
In contending that the chancellor had the power to set aside the decree, the appellants cite and rely upon the cases of Maule Industries v. Seminole Rock & Sand Company, Fla.1956, 91 So.2d 307, and Marsh v. Marsh, 72 Fla. 142, 72 So. 638. Those cases dealt with the equity courts’ power of general supervision of judicial sales made under their decree and further afforded certain procedures for vacating and setting aside such sales. These cases do not appear to be applicable under the circumstances demonstrated. The question here deals with the chancellor’s power to set aside a foreclosure decree after sale.
Accordingly, the appellants having failed to demonstrate error, the order appealed is affirmed.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. Rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A.