ALLEN, Chief Judge.
Aluminum Irrigation, Inc., and Dorothy B. Race, defendants below, have appealed from an amended final decree of foreclosure.
Empire Capitol Corporation, plaintiff below, sued Aluminum Irrigation to foreclose a mortgage given by Aluminum to-Empire in the sum of $175,000. The corn- *923 -plaint included a copy of an extension :agreement executed by the parties. The ■note secured by the mortgage was made on December 13, 195S; the extension agree-ment was made on June 20, 1962.
Defendants’ motions to dismiss the com■plaint, and for summary judgment were denied. Defendants, thereafter, answered and counterclaimed denying any amount •due by virtue of payment. During trial, ■defendants proffered as evidence testimony involving a transaction concerning a stock ■purchase and resale of the stock of Jan Phyl Village, Inc., between an individual; I-Iarry Lesnick, now deceased, and the plaintiff, Empire Capitol. The defendant also attempted to persuade the court that certain -advances, not made directly to the defendants, should not be included in the amount •sued upon.
The court found for the plaintiff in the :amount of $176,632.99 and found the counterclaim lacking in equity. The court entered its amended final decree of fore■closure and defendants having filed their petition for rehearing, petitioned for a stay ■order pending disposition of the petition. The court stayed all proceedings upon the posting of an indemnity bond by the defendants. Thereafter, petition for rehearing was denied but no sale date was set. Defendants filed notice of appeal. Ten days after filing notice of appeal, the lower court reset the sale date. After the sale, the defendants objected to same on the ground that plaintiff was not qualified to transact business in Florida and was expressly prohibited under Section 613.04, Florida Statutes, F.S.A., from maintaining any action in the courts and therefore the sale was void or voidable; and that the stay order entered by the chancellor vacated the amended decree insofar as it ordered the sale of the property so that the order of resale was void or voidable under Sections 702.07 and 613.04, Florida Statutes, F.S.A.
The chancellor, in the decree appealed from, made specific findings which we quote in pertinent part:
“This cause came on to be heard upon plaintiff’s complaint; defendant’s, Aluminum Irrigation, Inc.’s, answer and counterclaim; the answer by the defendant, Dorothy B. Race; and plaintiff’s answer to defendant’s Aluminum Irrigation, Inc.’s, counterclaim, and decree pro confesso having been duly entered against the defendant, T. C. Jones and Peter S. Mazzeo, doing business as Mazzeo Electric Supply, and after pre-trial conference and pre-trial order having been entered and said pre-trial order providing that the parties admitted the execution and delivery of the note and mortgage sued upon and the agreement of December 13, 1955, and the modification agreement of June 20, 1962, and the existence, execution and delivery of all exhibits attached to the plaintiff’s complaint and the defendant’s answer and counterclaim, and the Court having heard the evidence pertaining to the same, does find as follows:
“1. That the plaintiff has established that the agreement of December 13, 1955, and the mortgage and note of the same date and the modification agreement of June 20, 1962, had been duly and legally executed and delivered to the plaintiff by the defendant, Aluminum Irrigation, Inc.
“2. The Court further finds that the payments in regard to said note and mortgage are delinquent and the mortgage is, therefore, in default.
“3. That the equities of this cause are with the plaintiff and against the defendant, Aluminum Irrigation, Inc., and the Court further finds that the counterclaim of the defendant, Aluminum Irrigation, Inc., is unjustified and without equity in this proceeding, and the plaintiff is entitled to maintain this suit, and this Court has jurisdiction of the subject matter and the parties hereto.
“4. That the mortgage herein sued upon was duly and legally executed, acknowledged, delivered and recorded, as the plaintiff’s complaint avers; the note thereby secured was also properly exe *924 cuted and delivered; the note and mortgage were and do constitute a good, valid and subsisting lien upon the mortgaged property hereinafter described and the terms, conditions and covenants of the said mortgage are as stated in the plaintiffs complaint.
“5. That the interests of the defendants, Dorothy B. Race, T. C. Jones, and Peter S. Mazzeo, doing business as Maz-zeo Electric Supply, are inferior and subordinate to the lien of plaintiff’s mortgage.
“6. That the defendants profered as evidence testimony involving a transaction concerning a stock purchase and resale of the stock of Jan Phyl Village, Inc., between an individual, Harry Les-nick, now deceased, and the plaintiff, Empire Capitol Corporation, said profer being offered to indicate that a profit may have been made by the plaintiff on the resale to Lesnick which should have been applied to the debt of the mortgage herein sued upon, but the Court expressly finds that all the evidence indicates that this transaction was a separate transaction between the plaintiff herein and Lesnick, who is not a party to this suit, nor was he a party involved in the mortgage and note sued upon, nor was Jan Phyl Village, Inc., such a party and that such transaction was separate and apart from the transaction involving the note and mortgage herein sued upon and there was no showing that any of the defendants herein had any connection with such transaction, and, therefore, anything pertaining to said transaction is alien to this suit, and, therefore, evidence of such is not proper to be received in these proceedings.
“7. That the defendant further attempted to persuade the Court that because the advances by the plaintiff, which said advances accumulated to make up the principal of the note and mortgage herein sued upon, were not all made direct to the defendant, Aluminum Irrigation, Inc., then such advances as were not made direct to said defendant should not be included in the debt herein sued upon, but tlie Court again specifically finds that the agreements leading to the execution of the note and mortgage were explicit and clear and were duly executed and even if said advances were not made directly to Aluminum Irrigation, Inc., the corporation had the right to mortgage the property of the corporation as security for the debt
“8. That the Court further finds that there was evidence that the accounted for advances at the time of the execution of the mortgage was $163,632.79. However, the Court further finds that the parties had agreed that there were other expenses actually incurred by the plaintiff which were unaccounted for and that the parties did properly by negotiation and agreement arrive at and agree to the original principal figure of $175,000.00 as being the debt as owed by the defendant, Aluminum Irrigation, Inc., to the plaintiff and secured by the mortgage.
“9. That the defendant became in default in the payments required to be made under the said note and mortgage, as alleged in the plaintiff’s complaint, and the entire remaining principal and interest, together with costs and attorney’s fees, agreed to be paid by the note and mortgage sued upon and secured by the mortgage, are now due and payable.”
We have read the record and the briefs and determined that the acts, assigned as error, pertaining to the motion to dismiss, the motion for summary judgment, the counterclaim, and the rulings of the chancellor made during trial and after decree, were entered without reversible error. Further, there is sufficient evidence to support the otherwise presumptively correct findings of the chancellor.
Affirmed.
HOBSON, J., and McNULTY, JOSEPH P.; Associate Judge, concur.