528 So.2d 967 (1988)
Karen SHIELDS, Appellant,
v.
Gene FLINN, Appellee.
No. 86-1733.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Womack, Lombana & Bass, Greer, Homer, Cope & Bonner and Gerald Cope, Dunn, Dresnick, Lodish & Miller, Miami, for appellant.
Gene Flinn, in pro. per.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
This is an appeal from an order denying a motion for post-judgment relief filed pursuant to Florida Rule of Civil Procedure 1.540(b). In motions before the trial court, the defendant, Karen Shields, had requested relief from the final judgment awarding damages as well as from an interlocutory order finding her liable to plaintiff Gene Flinn. In our original opinion, we addressed the denial of both motions. We have entertained rehearing in this matter to determine the proper scope of review in such a proceeding. Nevertheless, we deny the motion having determined that our scope of review must be addressed solely to the grant or denial of the motion per se rather than the merits of the underlying final judgment or any antecedent order. However, in light of the motion for rehearing, we vacate our opinion filed October 27, 1987 and replace it with the following:
*968 Karen Shields appeals from an order denying her motion for relief from judgment. We reverse.
Gene Flinn sued Shields for slander, libel per se and defamation of character in connection with a complaint which Shields filed with the Equal Employment Opportunity Commission charging Flinn with sexual harassment during the time Shields was in his employ. A partial summary judgment on the issue of liability was entered against Shields on October 16, 1981. The trial on the issue of damages was originally set for November 1981, but was rescheduled and held on December 18, 1981. Shields did not appear for the trial either personally or through counsel. The record does not indicate whether notice of the trial date was ever given as required by Florida Rule of Civil Procedure 1.440(c). The trial proceeded and the trial court entered judgment against Shields in the amount of $50,000.
Approximately two years after the entry of the final judgment, Shields filed a motion for relief from the partial summary judgment and the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(4) claiming that the judgments were void. The trial court denied the motion at an unreported hearing. In a subsequent order, the trial court reconstructed the proceeding and stated that Shields "did not receive notice of the trial of this case, and was not at the trial in person or by counsel." The order also stated that the Shields motion had been denied because it had not been "filed within a reasonable time, within the meaning of rule 1.540." Shields seeks relief from the order denying relief from judgment.
Although the motion requested relief from both the partial summary judgment adjudicating liability and the final judgment awarding damages, rule 1.540 provides for the review of final judgments, orders, and decrees only. Consequently, the only judgment from which the trial court could have granted relief was the final judgment. The order denying relief is a post-judgment, interlocutory order. The review of such an order does not include the merits of the final decree sought to be vacated or any other order or judgment. Bland v. Mitchell, 245 So.2d 47 (Fla. 1970); Rushing v. Chappell, 247 So.2d 749 (Fla. 1st DCA 1971); Odum v. Morningstar, 158 So.2d 776 (Fla. 2d DCA 1963). Thus, our only concern is whether the trial court abused its discretion in denying relief from the final judgment.
A judgment entered without notice to a party is void. Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986); cf. Grahn v. Dade Home Servs., Inc., 277 So.2d 544 (Fla. 3d DCA 1973) (where plaintiffs' failure to timely comply with trial court's order resulted in the dismissal of the complaint and entry of judgment against plaintiffs, the dismissal was reversed because the record failed to show that plaintiffs received notice of order); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979) (default judgment was void for failure to give notice to defendant even though defendant received original complaint which did not name him and summons which was not addressed to him). See generally DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984) (general discussion of the origin, purpose and application of Fla.R.Civ.P. 1.540(b)). Since the trial court specifically found that Shields had not received notice of the trial, the judgment was void. Because relief from a void judgment may be granted at any time, Falkner, 489 So.2d at 759, the trial court erred in denying Shields's motion as untimely. Consequently, the void judgment should be vacated. Where a judgment is vacated or set aside, it is as though no judgment had ever been entered. 49 C.J.S. Judgments § 306 (1977).
Accordingly, we reverse the order under review and remand to the trial court for further proceedings.