549 So.2d 769 (1989)
Ginger RUTSHAW, a/K/a Sylvia Williams, Appellant,
v.
John ARAKAS and Panagiotis N. Arakas, Appellees.
No. 89-1398.
District Court of Appeal of Florida, Third District.
October 3, 1989.
Rubin, Rubin & Fuqua and A. Hinda Klein, for appellant.
Frank B. Pridgen, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
*770 SCHWARTZ, Chief Judge.
The plaintiff below appeals from an order purportedly entered pursuant to Florida Rule of Civil Procedure 1.540(b) which vacated a default final judgment entered in her favor in a dog bite case. The trial judge explicitly stated that the judgment had not been obtained by fraud, misconduct or any improper means, but set it aside nonetheless "in an abundance of caution and fairness." We reverse the order.
Both Panagiotis Arakas and his son, John Arakas, failed to answer after being served with process and defaults were duly entered against them, about which neither complains. Subsequently, at the instance of the trial judge, who first informed plaintiff's counsel the day before it was scheduled that he wished to proceed with the trial on damages, the plaintiff necessarily gave both defendants only a single day's notice of trial to be held on December 2, 1988. The senior Arakas actually attended the trial on that date, but raised no objection to its proceeding on short notice or for any other reason. John Arakas was in Athens, Greece on the trial date but returned soon thereafter and  within the new trial time  was served with the final judgment entered pursuant to the verdict on December 7, 1988. Neither defendant either timely or otherwise moved for a new trial or to set aside the verdict or filed a notice of appeal  allegedly because of erroneous advice given by attorneys whom they had consulted  although they had ample time to do any or all. Instead, only after execution was sought on the judgment, on March 27, 1989, the Arakases filed the present 1.540 motion on grounds that the judgment had been obtained by "fraud, misconduct of [p]laintiff's counsel, artifice, trickery, overreaching and circumvention."
The action of the trial judge in setting aside the judgment  notwithstanding his express contrary finding of no impropriety by the plaintiff, see Fla.R.Civ.P. 1.540(b)  was manifestly erroneous.
We may assume, as the trial court apparently found and the appellees argue to support the order below, that one day's notice  required as a result of the judge's own action in setting the trial on the previous day  was indeed insufficient as a matter of law. Nonetheless, that error could, should, and may have been cured only by timely action through objection, post-trial motion, or appeal  all of which could readily have been undertaken. It is well settled that a 1.540 motion cannot be employed as a substitute for a timely appeal, much less for a timely preservation of error in the underlying action itself. Gomez v. Espinosa, 466 So.2d 1201 (Fla. 3d DCA 1985); Pompano Atlantis Condominium Ass'n v. Merlino, 415 So.2d 153 (Fla. 4th DCA 1982); Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983); see Long v. Emery, 383 F.2d 392 (10th Cir.1967); see also Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054 (11th Cir.1986), cited in Borio v. Coastal Marine Constr. Co., 881 F.2d 1053, 1055 n. 2 (11th Cir.1989). See generally 7 J. Moore & J. Lucas, Moore's Federal Practice §§ 60.18[8], at 60-140, 60.30 (2d ed. 1987). The fact that these remedies were available but disregarded distinguishes this case from Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988), on which the appellees primarily rely. The defendant in that case, and in those cited in Shields, apparently did not receive notice of the existence or result of the trial until well after the appeal time had run. To apply that case to this one would render every judgment obtained after arguably insufficient notice subject to challenge ad infinitum. Our interest in the finality of proceedings and judgments does not permit that result. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1392 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla. 1986). See generally 6A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice § 60.02 (2d ed. 1989); Fed. R.Civ.P. 60(b).
Finally, the erroneous advice of counsel which allegedly led to the appellees' failure to take action cannot form the basis of the excusable neglect which is required to sustain an application for 1.540 relief on that ground. See Herrick v. Southeast Bank, N.A., 512 So.2d 1029 (Fla. 3d DCA 1987). In sum, the trial court's *771 plainly correct finding that there was no fraud or other misconduct established the nonexistence of a legal ground to grant the 1.540 motion for relief from the judgment. Accordingly, the order under review is
Reversed.
BASKIN, J., concurs.
COPE, Judge (concurring in part and dissenting in part).
In my view the judgment against John Arakas is void for want of notice of the trial. I would therefore affirm the order granting relief from judgment as to him. See Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Fla.R.Civ.P. 1.540(b)(4). I concur with the majority that the criteria for Rule 1.540(b) were not satisfied with respect to Panagiotis Arakas.