COPE, J.
Appellant Progressive Officers Club, Inc. (“POC”) appeals the denial of its motion for relief from a final order entered by appellee the Public Employees Relations Commission (“PERC”). We reverse.
In March 1997 appellee Dade County Police Benevolent Association filed an unfair labor practice charge against appellee Miami-Dade County before PERC alleging that the County violated paragraphs 447.501(l)(a) and (e), Florida Statutes (1997), by deducting membership dues from the salaries of members of the Organization of Minority Correctional Officers (“OMCO”), Hispanic Association of Corrections Officers (“HACO”) and POC. The County filed a motion to join indispensable parties in which it sought to have POC, OMCO and HACO added as parties to the unfair labor practice proceeding. Although the hearing officer determined that the organizations were not indispensable,[1] the officer directed that notice be sent to each organization so that they could intervene if they wished. OMCO and HACO thereafter intervened. The matter proceeded to trial and the hearing officer issued a recommended order in which she concluded that the deduction of the membership dues was an unfair labor practice. On December 8, 1997 PERC issued a final *485 order affirming the hearing officer’s conclusions.
It is undisputed that the notice intended for POC was sent to the wrong address and that POC did not receive actual notice of the proceeding until January 1998, after the time for appeal of the final order had expired. Eight months later, after pursuing federal remedies,[2] POC filed a motion for relief from final order and for reconsideration. PERC denied the motion on the theory that POC had not acted promptly in seeking relief once it had actual notice of the existence of the final order.
We conclude that because POC had no notice of the proceeding the final order was void as to POC. We have so held in analogous cases. See Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988)(final judgment obtained without notice void); Falkner v. Amerifirst Fed. Sav. and Loan Ass’n, 489 So.2d 758, 759 (Fla. 3d DCA 1986)(dismissal obtained without notice void); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611, 612 (Fla. 3d DCA 1985)(default judgment entered without notice vacated).
We therefore reverse the order under review and remand with directions to vacate the final order with respect to POC only and for such further proceedings as may be appropriate.

. We express no opinion on the correctness of that ruling.

. POC contended that the PERC order violated a previously-issued federal consent decree.