968 So.2d 658 (2007)
STERLING FACTORS CORPORATION, Appellant,
v.
U.S. BANK NATIONAL ASSOCIATION; Dean N. Meyers, a/k/a Dean Meyerson, a/k/a Dean Meyer; Deborah C. Meyers; Daniel W. Nester; and United States of America, Department of the Treasury-Internal Revenue, Appellees.
No. 2D06-3762.
District Court of Appeal of Florida, Second District.
November 2, 2007.
*660 James J. Webb of Haley, Sinagra, Paul & Toland, P.A., Fort Lauderdale, for Appellant.
Jane Ellen Bond of Butler & Hosch, P.A., Orlando, for Appellee U.S. Bank National Association.
D. Keith Wickenden and Rachael S. Loukonen of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellee Daniel W. Nester.
No appearance for Appellees Dean N. Meyers, Deborah C. Meyers and United States of America, Department of the Treasury-Internal Revenue.
ALTENBERND, Judge.
Sterling Factors Corporation appeals an order denying its motion to set aside a final summary judgment of foreclosure. Sterling held a second mortgage on a parcel of real estate owned by Dean N. Meyers and his wife. U.S. Bank National Association held the first mortgage. After the trial court refused to set aside the judgment in favor of U.S. Bank or to stay the foreclosure sale, Daniel W. Nester and his wife purchased the property at the foreclosure sale for an amount that will not provide sufficient funds to satisfy Sterling's lien.
To the extent that the trial court ruled it had no jurisdiction to set aside the foreclosure judgment once the sale occurred based upon its interpretation of section 702.07, Florida Statutes (2005), the trial court erred. Nevertheless, we affirm the order because Sterling's motion for relief from the foreclosure judgment did not allege a ground for which relief could be granted. Sterling sought relief pursuant to Florida Rule of Civil Procedure 1.540(b)(4) by alleging only that the final summary judgment was void because Sterling did not receive actual notice of the hearing at which the motion for summary judgment was considered. Sterling admitted, however, that it had been served with appropriate process and participated in the foreclosure proceedings and that it received a copy of the final judgment within a few days of its entry. We conclude as a matter of law that under these circumstances the judgment was, at best, voidable.

I. A SUMMARY OF THE PROCEEDINGS IN THE CIRCUIT COURT
Because this appeal involves a nonfinal order, this court does not have a complete record. The appendix provided by Sterling is somewhat abbreviated. It contains no transcripts, nor a copy of the complaint that commenced this action in November 2005. The complaint was apparently filed by U.S. Bank National Association "as trustee" seeking to foreclose a mortgage on a Naples home owned by Mr. and Mrs. Meyers. It is not clear what instrument names U.S. Bank as a trustee or on whose behalf it acts as trustee. The civil action progress docket indicates that the complaint was served on Mr. and Mrs. Meyers in early December 2005. U.S. Bank filed *661 an initial motion for summary judgment in early January 2006, just before it obtained a clerk's default against the Meyerses.
In late January 2006, however, U.S. Bank filed an amended complaint to foreclose the mortgage. The amended complaint, which is in the appendix provided by Sterling for this appeal, attached a copy of the note and mortgage. The note and mortgage are dated February 6, 2004, and provide that Finance America, LLC, is the lender and holder of the note for $650,000. The second count of the amended complaint alleged that the original documents were missing and sought to reestablish the lost note and mortgage. The amended complaint also alleged the existence of Sterling's mortgage, dated December 28, 2004, and filed in the official records of Lee County in April 2005, and in the official records of Collier County in December 2005.[1] Sterling's mortgage secured a $500,000 obligation.
In February 2006, Sterling filed an answer to the amended complaint, admitting only that it had an interest in the property. In early March 2006, U.S. Bank served a notice of hearing on all parties to the foreclosure, scheduling its motion for summary judgment for a hearing on April 17, 2006.[2] That notice indicated it was served on Sterling, but the address on the certificate of service for Sterling's attorney was incorrect; it listed the proper street address but omitted the city, state, and zip code. Our record does not establish with any certainty whether the envelope contained a similar error or what actually happened to the notice that was supposed to be delivered to Sterling.
U.S. Bank obtained a summary final judgment on April 17, 2006. Sterling admitted that it received a copy of this summary final judgment shortly after it was entered and that it took no steps to seek rehearing or otherwise object. It did not appeal this judgment. The summary final judgment established that the total amount due to U.S. Bank was $694,689.64 and set the foreclosure sale for May 18, 2006. The judgment declared this lien superior to all others and explained that any surplus funds from the foreclosure sale would be placed in the registry of the court for the benefit of the other parties, even defaulted ones.
On May 16, 2006, Mr. and Mrs. Meyers filed a motion to cancel the sale. On May 17, Sterling served by facsimile a motion joining in their motion to cancel sale and an "emergency verified" motion to set aside the summary final judgment pursuant to rule 1.540(b)(4). The only ground pleaded in this motion was that the summary final judgment was void because Sterling had not received notice of the hearing on the motion for summary judgment because of the defect in the certificate of service on the notice.
The trial court declined to stay the sale or rule on the motion on an emergency basis. The civil action progress docket indicates that the sale proceeded, and the property was sold to Daniel W. Nester for $850,000. On May 18, the Clerk of the Circuit Court issued a certificate of sale. Although it appears Sterling did not participate in this sale, it later filed an appraisal that valued the property at *662 $1,600,000. If the property is worth this amount and Sterling had a valid lien against the property, then some or all of its $500,000 loan could have been recovered in the foreclosure sale if someone had been willing to bid an amount closer to the fair market value of the property.[3] Sterling served an objection to the sale.[4]
Sterling filed a memorandum in support of its motion for relief from judgment and to set aside the sale. From the appendix, it appears that only the purchaser, Mr. Nester, filed a memorandum in opposition to Sterling's motion. The circuit court conducted a hearing on this motion on July 6, 2006, but we have no transcript of that hearing. Thereafter, the trial court entered an order simply denying the motion to set aside the judgment without further explanation and directing the clerk to issue a certificate of title to Mr. Nester. If Mr. and Mrs. Meyers or any of the other defendants objected to this outcome, it is not apparent from the appendix and they have not participated in this appeal.
II. SECTION 702.07 DID NOT DEPRIVE THE CIRCUIT COURT OF JURISDICTION TO CONSIDER THE MOTION FOR RELIEF FROM JUDGMENT
Without a transcript or a more detailed order, it is difficult to determine why the circuit court denied the motion for relief from judgment. However, Mr. Nester's written memorandum argued that the court had no jurisdiction to rule upon the motion in light of section 702.07. Counsel for Mr. Nester candidly admitted at the oral argument held in this appeal that she believed the trial court had based its ruling on this argument. Despite a 1960 decision from the Third District supporting Mr. Nester's argument, see Holiday, Inc. v. Glaser, 121 So.2d 677 (Fla. 3d DCA 1960), we conclude that the trial court had jurisdiction to rule on this motion.
Section 702.07 states:
The circuit courts of this state, and the judges thereof at chambers, shall have jurisdiction, power, and authority to rescind, vacate, and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pursuant to the terms of such decree, and to dismiss the foreclosure proceeding upon the payment of all court costs.
This statute was enacted in 1927 and has remained unchanged since that time. Ch. 11881, § 1, Laws of Fla. (1927).[5] This statute has been cited in case law a total of *663 nine times.[6] Otherwise, it appears to have been largely overlooked.
Facially, the statute grants circuit courts the power to set aside foreclosure decrees at any time before the sale. Nester seeks to interpret a negative from this language: That the statute thus prohibits the circuit courts from doing so after the sale. This interpretation is seemingly supported by one case: Holiday, 121 So.2d 677.
In Holiday, the defendants sought review of an order denying their motion to set aside a foreclosure decree, filed after the sale of the property. In affirming the order, the Holiday court focused initially on the fact that the defendants had not sought a motion for rehearing or a notice of appeal from the judgment of foreclosure before seeking to set it aside. The court thus primarily held that it could not "review a final decree not appealed" in "proceedings to review a subsequent order." Id. at 678.[7]
However, the court then acknowledged the plaintiff's argument that pursuant to section 702.07 the chancellor "lost the power" to set aside the decree once the sale occurred. Id. The Third District distinguished two cases in which foreclosure judgments were set aside after the sale, concluding those cases "dealt with the equity courts' power of general supervision of judicial sales made under their decree and further afforded certain procedures for vacating and setting aside such sales." Holiday, 121 So.2d at 678. Without articulating a specific holding on this issue, the court simply stated: "These cases do not appear to be applicable under the circumstances demonstrated. The question here deals with the chancellor's power to set aside a foreclosure decree after sale. Accordingly, *664 the appellants having failed to demonstrate error, the order appealed is affirmed." Id. at 678.
If the latter part of Holiday acts as a holding in that casean assumption we are not prepared to readily acceptwe are not convinced by the analysis. Prior to the Third District's opinion in Holiday, the Florida Supreme Court had specifically cited section 702.07 while recognizing the circuit court's ability to set aside a foreclosure judgment after sale. See Taylor v. Day, 102 Fla. 1006, 136 So. 701 (1931); see also Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307 (Fla.1956). The Florida Supreme Court has thus concluded that section 702.07 does not deprive a court of jurisdiction to set aside a foreclosure judgment once a foreclosure sale occurs.
In Taylor, the trial court entered a foreclosure judgment that gave the defendant the option of redemption before the judicial sale. However, the judgment did not specify how a lien on the property would be resolved if the defendant exercised the option of redemption. The defendant tendered a redemption amount after the entry of judgment but before the judicial sale, but wanted the redemption contingent upon the plaintiff's payment of the other lien. The plaintiff refused the tender. The day before the scheduled sale, the defendant sought without success to enjoin the sale. The sale proceeded, and the plaintiff purchased the property. The sale was confirmed by decree. Four months later the defendant sought to vacate the foreclosure judgment and sale. The supreme court quoted the text that is now section 702.07 and stated:
If Taylor by his petition to enjoin, or by other formal procedure, presented to the court before the foreclosure sale the fact as to the decree being in the form not requiring the complainant Day to convey a good title to said property free of incumbrance, then Taylor should not be held to have lost his rights to bring a bill of review [the equivalent of a rule 1.540 motion at that time] within six months.
136 So. at 703.
In Maule Industries, which was cited but distinguished in Holiday, a final judgment of foreclosure was entered, a judicial sale held, objections to the sale were filed and denied, and a certificate of sale issued. Thereafter, the mortgagor filed a motion for rehearing, which the circuit court granted. As a result, the circuit court set aside the foreclosure sale. The supreme court reversed, but rejected the notion that section 702.07 deprived the circuit court of jurisdiction to hear the motion for rehearing:
Section 702.07 stipulates that circuit courts shall have jurisdiction to vacate and set aside decrees of foreclosure at any time before the sale has actually been made. The chapter is silent concerning a rehearing after issuance of the certificate of title. It seems to be the contention of petitioner that the effect of this chapter is to remove mere administrative duties from the circuit court and give them to the clerk, and that if no objections are filed to the sale the clerk's issuance of the certificate of title ends the matterno further judicial function being required nor even allowed. If, as in the present case, objections are filed but overruled and the certificate of title then issued, petitioner contends that since the chapter does not provide for a rehearing none may be had, for the reason that the circuit court had thereupon lost jurisdiction of the matter. He alleges that the provision of Section 702.07 supports this contention. We cannot agree to this contention.

*665 It is our opinion that the circuit court had the jurisdiction to entertain the rehearing after issuance of the certificate of title.
Maule Indus., 91 So.2d at 309-10.
No subsequent case has specifically discussed whether section 702.07 deprives a circuit court of jurisdiction from revisiting a final judgment of foreclosure once a sale has occurred. However, numerous cases have reviewed circuit court decisions doing just that, without any indicia that the circuit court might have acted without jurisdiction. See, e.g., Cicoria v. Gazi, 901 So.2d 282 (Fla. 5th DCA 2005); Powers v. ITT Fin. Servs. Corp., 662 So.2d 1343 (Fla. 5th DCA 1995).
We therefore conclude that section 702.07 cannot be interpreted as depriving a circuit court of jurisdiction to set aside or reconsider a foreclosure judgment upon a proper motion once a foreclosure sale has been held. If the circuit court denied Sterling's motion for relief from judgment on this ground, the court erred.
III. THE FORECLOSURE JUDGMENT WAS NOT VOID AND THEREFORE STERLING'S MOTION FOR RELIEF FROM JUDGMENT WAS PROPERLY DENIED
Although the trial court may have erred if it relied upon section 702.07 when it denied the motion, we conclude that Sterling's motion for relief from judgment did not establish a claim that this judgment was void. Accordingly, we affirm the order on appeal because the motion was properly denied.
Rule 1.540 permits a party against whom judgment is entered to seek relief based on a limited list of issues. A judgment can be set aside for "excusable neglect," Fla. R. Civ. P. 1.540(b)(1), but Sterling did not allege this ground. Sterling does not suggest that it has any newly discovered evidence or that U.S. Bank did anything that would constitute fraud, misrepresentation, or misconduct. See Fla. R. Civ. P. 1.540(b)(2), (3). It argues only that the judgment is "void." See Fla. R. Civ. P. 1.540(b)(4).
There is distinction between a judgment that is "void" and one that is "voidable." See generally Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). A void judgment is so defective that it is deemed never to have had legal force and effect. In contrast, a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated. Id.; see also State v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936); Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694 (1929); Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994) (Klein, J., concurring). A voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances, but it cannot be challenged at any time as void under rule 1.540(b)(4).
A trial court's lack of subject-matter jurisdiction makes its judgment void. N.W.T. v. L.H.D. (In re D.N.H.W.), 955 So.2d 1236, 1238 (Fla. 2d DCA 2007). So, too, a judgment that is entered against a defendant when the court has no personal jurisdiction over the defendant is generally regarded as a void judgment. Great Am. Ins. Co. v. Bevis, 652 So.2d 382, 383 (Fla. 2d DCA 1995). In this case, of course, the trial court had subject-matter jurisdiction over the foreclosure and personal jurisdiction over Sterling. Sterling had been properly served and had filed an answer. Thus, the narrow issue in this case is whether a judgment of foreclosure is void simply because a defect in a notice *666 of hearing provides no actual notice of the final hearing to a defendant who is another lienholder over whom the court has established personal jurisdiction if the final judgment is timely served on that defendant following the hearing. We conclude that such a judgment is not void.
Although the case law on the void/voidable distinction could draw clearer lines, generally so long as a court has jurisdiction over the subject matter and a party, a procedural defect occurring before the entry of a judgment does not render a judgment void. See, e.g., Demars v. Village of Sandalwood Lakes Homeowners Ass'n, 625 So.2d 1219 (Fla. 4th DCA 1993) (concluding that plaintiff's failure to allege sufficient facts supporting diligent search to permit constructive service did not make subsequent default judgment entered upon such service void, but rather voidable on presentation of proof that a diligent search was not made); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969) (concluding that sheriff's error in failing to establish in the return of service of process that service on a manager was appropriate because of the absence of corporate directors did not render ensuing default judgment void, but rather voidable upon timely and appropriate motion). This is particularly true when there is evidence that the party received actual notice of the proceedings generally, see Craven, 226 So.2d at 410; Cohen v. Drucker, 677 So.2d 953, 954 (Fla. 4th DCA 1996), and timely notice of the entry of any judgment against them, see Rutshaw v. Arakas, 549 So.2d 769 (Fla. 3d DCA 1989). Procedural defects not affecting jurisdiction must be addressed by a timely motion for rehearing, an appeal, or a timely motion for relief from judgment pursuant to rule 1.540(b)(1), (2), or (3).
In support of its argument that the foreclosure judgment is void, Sterling cites Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988). In Shields, the Third District declared a judgment void two years after the entry of the judgment because the defendant, over whom the court had personal jurisdiction, had been given no notice of the trial date and had not appeared for the trial. Id.; see also Hammett v. Hammett, 510 So.2d 632 (Fla. 3d DCA 1987) (concluding in a one-paragraph opinion that a party's failure to receive notice of hearing at which the judgment was entered entitled that party to relief from the judgment pursuant to rule 1.540(b)(4)); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986) (holding that plaintiffs were entitled to vacate final order of dismissal as void when they did not receive the motion for dismissal or notice of the hearing on the order until after the dismissal was entered).
These Third District cases, however, predate the Third District's opinion in Rutshaw, 549 So.2d 769. In Rutshaw, the Third District refused to apply Shields to set aside a judgment as void even as to a defendant who received one day's notice of a trial when the defendant was in Athens, Greece. Although the dissenting opinion concluded this scenario involved a total "want of notice" of the trial, 549 So.2d at 771 (Cope, concurring in part, dissenting in part), the majority opinion rejected the argument that this defect would permit the judgment to be set aside "ad infinitum," id. at 770 (majority opinion). Rather, the majority concluded that the defendant's knowledge that the trial had occurred and a judgment had been entered provided the defendant a remedy for the procedural error, and the defendant's failure to pursue that remedy prevented later relief pursuant to rule 1.540(b).
In this case, Sterling did not have actual notice of the hearing, but it had actual *667 notice of the judgment in time to resolve any problem by filing a motion for rehearing or a notice of appeal. Moreover, the property owner most affected by this proceeding had notice of the summary judgment hearing and failed to appear or object to the foreclosure. We conclude these facts bring this case within the reasoning of Rutshaw and make it distinguishable from Shields.[8]
For purposes of due process, Sterling had a procedure to resolve any error in this judgment by way of motion for rehearing or filing a notice of appeal. It simply chose not to use those procedures. Further, if there were an error in the judgment arising from excusable neglect or fraud or misrepresentation, rule 1.540(b)(1) and (2) gave Sterling the ability to correct that error, but Sterling made no such claim.[9] Accordingly, we cannot conclude that the defect in the notice of hearing regarding the motion for summary judgment rendered this foreclosure judgment void and of no effect, subject to a collateral attack at any time after its entry.
Affirmed.
NORTHCUTT, C.J., and VILLANTI, J., Concur.
NOTES
[1] These documents suggest that Sterling was not named as a party in the initial complaint because Sterling erroneously filed its mortgage in the property records of Lee County, rather than in the property records of Collier County where the property is located. Thus Sterling's note and mortgage were not of public record when U.S. Bank first filed its complaint for foreclosure.
[2] Presumably the notice of hearing referred to the December 2005 motion for summary judgment, filed by U.S. Bank before Sterling became a party to these proceedings.
[3] We do not know whether Sterling is entitled to any portion of the surplus funds generated by the sale. The appendix suggests that the Internal Revenue Service may also have some claim to the surplus funds, and it may have priority over the Sterling mortgage.
[4] The objection to sale argued that "the sale must . . . be set aside." However, the certificate of service on this document indicates it was served on May 17, 2006, one day before the sale occurred.
[5] There is no discussion in the case law regarding the legislative history of this statute. It is noteworthy, however, that it was enacted before the modern rules of civil procedure and at a time when many Floridians were facing foreclosure and ruin due to the collapse of the Florida real estate boom. The collapse began in 1925 and 1926. See William W. Rogers, Fortune & Misfortune: The Paradoxical Twenties, in The New History of Florida 294-96 (Michael Gannon ed., 1996). Thus, it seems likely that the statute was enacted during these hard times to give trial judges more power to protect landowners by expressly permitting the court to take actions after the final judgment of foreclosure and before the sale that were not previously authorized. History, at least, would not seem to support the negative inference proposed by the Nesters, which would provide more protection for the banks and purchasers.
[6] See Nobani v. Barcelona Dev. Corp., 655 So.2d 250, 251 (Fla. 5th DCA 1995); Sun Bank, N.A. v. Stocks, 548 So.2d 305, 306 (Fla. 1st DCA 1989); J.M. Realty Inv. Corp. v. Stern, 296 So.2d 588, 589 (Fla. 3d DCA 1974); Aluminum Irrigation, Inc. v. Empire Capitol Corp., 194 So.2d 922, 923 (Fla. 2d DCA 1967); Holiday, 121 So.2d at 678; Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307, 309 (Fla.1956); Grace v. Hendricks, 103 Fla. 1158, 140 So. 790, 790 (1932); Taylor v. Day, 102 Fla. 1006, 136 So. 701, 703 (1931); Fasel v. Cox, 99 Fla. 968, 128 So. 33, 34 (1930).
[7] Although it was not argued by the parties, we have considered whether this holding  that a party's failure to seek rehearing or appeal of a judgment it receives acts as a procedural bar to any later motion for relief from that judgment under rule 1.540(b)requires us to affirm the order on appeal. See Sacco v. Slavin, 641 So.2d 955 (Fla. 3d DCA 1994); Rutshaw v. Arakas, 549 So.2d 769 (Fla. 3d DCA 1989). In Sacco and Rutshaw, the Third District held that a party's failure to seek timely rehearing of a judgment barred that party from later seeking any relief from the judgment under rule 1.540. None of these cases, however, involved an argument that the judgment was void.

It is well established that a motion for relief from judgment cannot be used as a substitute for an untimely motion for new trial or rehearing. See Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164, 167 (Fla. 2d DCA 2004). Although Sterling admitted receiving the judgment within days of its entry, Sterling did not seek rehearing pursuant to Florida Rule of Civil Procedure 1.530. Sterling could have raised a broader range of issues in such a motion, including certain procedural irregularities it has pointed out in this appeal. Sterling's choice to instead seek postjudgment relief limited Sterling to its argument that the judgment was void due to the defective address on the notice of hearing.
Nevertheless, we are not convinced that the holdings in Holiday, Sacco, and Rutshaw should be extended to prohibit a party from setting aside a void judgment if the party did not seek rehearing or appeal. Although we conclude this judgment is not void, the rules of procedure permit a party to seek relief from a void judgment at any time and do not prohibit this relief simply because a party who could have sought rehearing or an appeal did not do so.
[8] Indeed, permitting any defendant to set aside a foreclosure judgment at any time for a procedural defect in the notice of hearing might call into serious question the title and legal ownership of any property affected by a foreclosure for an indefinite period.
[9] If Sterling had made a claim pursuant to rule 1.540(b)(1) alleging mistake, inadvertence, surprise, or excusable neglect, its actions in delaying until the day before the foreclosure sale to seek relief may well have permitted the trial court to exercise its discretion to deny the motion. See, e.g., Bennett v. Halper, 248 So.2d 522 (Fla. 3d DCA 1971).