WHATLEY, Judge.
Larry S. Hopper, Jr., the Husband, filed this nonfinal appeal of an order setting aside a marital settlement agreement and final judgment of dissolution of marriage. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5), and we reverse.
*1020 After the time limitation for a direct appeal had expired, Jessica L. Hopper, the Wife, filed a motion to set aside the marital settlement agreement and the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Because the agreement was incorporated into the final judgment, the Wife could only obtain relief from the agreement and the final judgment by direct appeal or pursuant to rule 1.540. See Macar v. Macar, 779 So.2d 479, 482 (Fla. 2d DCA 2000). Rule 1.540(b) provides as follows:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
The trial court found that the judgment should be set aside pursuant to rule 1.540(b)(4) because it was void. The court found that the judgment was void because some pages and edits of the marital settlement agreement were not initialed, the parties struck through the paragraph regarding the disclosure of assets, there was not a clear expression of the parties’ desire to have the court retain jurisdiction for resolution of outstanding issues, page four was out of sequence, and the agreement on the whole was incomplete.
We conclude that the trial court’s findings do not provide a sufficient basis to hold that the judgment was void. “A void judgment is so defective that it is deemed never to have had legal force and effect.” Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658, 665 (Fla. 2d DCA 2007). In Sterling Factors Corp., 968 So.2d at 666, this court recognized that usually, if a trial court has jurisdiction over the subject matter and the parties, a procedural defect which occurs before the entry of the final judgment does not render the judgment void. Here, there was no allegation that there was a defect in the agreement or the final judgment that would have affected the trial court’s jurisdiction over the subject matter or the parties. See Sabine v. Sabine, 834 So.2d 959, 960 (Fla. 2d DCA 2003) (holding that judgment may not stand when the jurisdiction of the trial court has not been invoked). The errors at issue affect the substance of the final judgment, and therefore, those errors should have been corrected within ten days of the final judgment pursuant to Florida Rule of Civil Procedure 1.530(g),[1] or by appellate review. Malone v. Percival, 875 So.2d 1286, 1288 (Fla. 2d DCA 2004).
Accordingly, we reverse the order setting aside the marital settlement agreement and final judgment of dissolution of marriage.
Reversed.
CASANUEVA and WALLACE, JJ., Concur.

. Florida Rule of Civil Procedure 1.530(g) allows a party to serve a motion to alter or amend a judgment within ten days of the entry of the judgment.