GILLESPIE, KENNETH L., Associate Judge.
 

 Appellants, Shiloh and Troy Toler (hereinafter “the Tolers”), appeal the lower court’s denial of their motion to vacate a final summary judgment in a residential mortgage foreclosure action. The lower court denied the Tolers’ motion as untimely. Although we find that the Tolers’ motion was timely, we hold that the trial court did not abuse its discretion in denying the motion because it failed to allege a colorable claim for relief pursuant to Florida Rule of Civil Procedure 1.540(b).
 

 I. FACTS
 

 Appellee, Bank of America, sued the Tolers to foreclose on a residential mortgage, claiming the Tolers had defaulted. Although the Tolers were served with the complaint and obtained a 60-day extension of time to file responsive pleadings, they ultimately chose not to file any responsive pleadings or affirmative defenses.
 

 Bank of America moved for summary judgment, alleging,
 
 inter alia,
 
 legal standing, priority in mortgage position, acceleration, costs and attorney fees due pursuant to the note, and a lack of any genuine issues as to any material facts.
 

 A hearing on the summary judgment motion was held on May 6, 2010. A final judgment was entered the same day; it scheduled the sale date for June 14. From the limited record provided to this court, it appears the foreclosure sale was scheduled contrary to the trial court’s oral pronouncements, which provided that the sale not occur until 120 days after the date of the judgment and further required the parties to attend a conciliation conference or mediation. Pointing to the court’s oral pronouncements, the Tolers filed a motion to cancel and reschedule the foreclosure sale. Notwithstanding the Tolers’ motion, the foreclosure sale took place as scheduled; the property was purchased by Bank of America.
 

 Three days after the sale, the Tolers filed a motion to vacate the sale based on the court’s instructions requiring an extended sale date and conciliation. The trial court vacated the sale and the parties attended two separate and unsuccessful mediations.
 

 In September 2010, the Tolers filed a motion to vacate the final summary judgment, ostensibly pursuant to section 702.07. In the motion, the Tolers contended that the final judgment was granted prior to their filing of an answer and that Bank of America did not conclusively address an exhaustive list of all potential defenses that
 
 could
 
 have been raised. Summarily, the trial court denied the motion to vacate the judgment as untimely, an order from which the Tolers now appeal. The record fails to reflect whether any second sale has occurred.
 

 II. ANALYSIS
 

 An order denying a motion for relief from judgment is reviewed for an abuse of discretion.
 
 See J.M. Realty Inv. Corp. v. Stem,
 
 296 So.2d 588, 589 (Fla. 3d DCA 1974);
 
 see also Schuman v. Int’l Consumer Corp.,
 
 50 So.3d 75, 76 (Fla. 4th DCA 2010) (same). “[Ujnder this standard, discretion is abused only where no reasonable person would take the view adopted by the trial court.”
 
 Strulowitz v. Cadle Co.,
 
 839 So.2d 876, 881 (Fla. 4th DCA 2003) (citing
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980)). Questions of law, such as the interpreta
 
 *702
 
 tion of statutes, are reviewed
 
 de novo. Cont’l Cas. Co. v. Ryan Inc. E.,
 
 974 So.2d 368, 373 (Fla.2008).
 

 In their arguments, the parties dispute the effect of section 702.07, Florida Statutes (2009), and we resolve that issue first. The statute provides:
 

 The circuit courts of this state, and the judges thereof at chambers, shall have jurisdiction, power, and authority to rescind, vacate, and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pursuant to the terms of such decree, and to dismiss the foreclosure proceeding upon the payment of all court costs.
 

 § 702.07. The Tolers argue that section 702.07 exists independent of any other means of obtaining relief from a judgment.
 

 Contrary to the Tolers’ belief, section 702.07 standing alone does not create an independent, substantive right to vacate a judgment of foreclosure for any reason, even one that should have been properly raised at an earlier stage in the proceeding. Section 702.07 grants a circuit court the “jurisdiction, power, and authority to rescind, vacate, and set aside a decree of foreclosure of a mortgage of property.” § 702.07. Notably absent from the statutory language are the grounds upon which a court may do so. Thus, by its plain language, the statute only confers on a circuit court the ability without articulating the grounds.
 
 See also Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (stating that “ ‘[wjhen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’” (quoting
 
 A.R. Douglass, Inc. v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (1931))).
 

 The history of the statute supports this interpretation of its plain language. The Legislature enacted the statute in 1927.
 
 See
 
 ch. 11881, § 1, at 382, Laws of Fla. (1927). Since then, the statute has remained unchanged, save for a few minor typographical amendments. Very few cases have cited it.
 
 [1]
 
 As Judge Altenbernd has observed, “There is no discussion in the case law regarding the legislative history of this statute.”
 
 Sterling Factors Coi"p.,
 
 968 So.2d at 662 n. 6. But, as Judge Altenbernd continued, “it was enacted before the modern rules of civil procedure and at a time when many Floridians were facing foreclosure and ruin due to the collapse of the Florida real estate boom [in 1925 and 1926].”
 
 Id.
 
 Accordingly, “it seems likely that the statute was enacted during these hard times to give trial judges more power to protect landowners by expressly permitting the court to take actions after the final judgment of foreclosure and before the sale that were not previously authorized.”
 
 Id.; see also
 
 ch. 11881, § 5, at 383, Laws of Fla. (1927) (“[T]his Act shall take effect
 
 immediately
 
 upon its approval by the Governor, or become a law without the approval thereof.” (emphasis added)). In 1954, almost thirty years after the enactment of section
 
 *703
 
 702.07, the Florida Supreme Court adopted the modern rules of civil procedure, which included Rule 1.540’s predecessor.
 
 See
 
 Bruce J. Berman,
 
 Civil Procedure
 
 R. 1010, cmt. 010.1[1], R. 1.540, cmt. 540.1 (2011-2012 ed.).
 

 Given the statute’s plain language and history, the statute and Rule 1.540 should be read together, so that, as in other civil cases, Rule 1.540 provides the avenue for relief from a judgment of foreclosure. This means Rule 1.540 applies to this case, and that the Tolers were limited to the grounds set out in the rule.
 
 Cf. Molinos Del S.A. v. E.I. DuPont de New,ours & Co.,
 
 947 So.2d 521, 524 (Fla. 4th DCA 2006) (“As an exception to the rule of finality, Rule 1.540(b) gives the trial court jurisdiction to relieve a party from a final judgment in a narrow range of circumstances.” (citations omitted));
 
 Am. Fire & Cas. Co. v. Dawson,
 
 400 So.2d 849, 850 (Fla. 2d DCA 1981) (comparing the federal equivalent of the rule, which has a catchall that broadens a federal court’s ability to grant relief, to Florida’s, which “restricts the state courts to those reasons and circumstances set forth in the rule”).
 

 The Tolers argue that the circuit court abused its discretion because their motion was timely. Rule 1.540 requires a party to file the motion within either “a reasonable time” or one year, depending on the grounds the party raises.
 
 See
 
 Fla. R. Civ. P. 1.540(b) (“The motion shall be filed within a reasonable time, and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence], and (8) [fraud, misrepresentation, or other misconduct of an adverse party] not more than one year after the judgment ... was entered.... ”). Since the judgment was entered in May and the Tolers’ motion was filed in September of the same year, the Tolers’ motion was timely under Rule 1.540(b); it was filed within one year and, in any event, within a reasonable time. Accordingly, the trial court abused its discretion in denying the Tolers’ motion on the ground that it was untimely.
 
 [2]
 

 Nonetheless, we affirm the lower court’s denial of the motion, because a party seeking relief from a foreclosure judgment must articulate a colorable basis for relief under Rule 1.540. Under Rule 1.540(b), a party must demonstrate one of the following:
 

 (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; [or] (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
 

 The Tolers’ motion alleged that because Bank of America failed to anticipate and disprove an exhaustive list of potential affirmative defenses that
 
 could be
 
 raised in their case, the final summary judgment should be vacated. This is the argument a nonmoving party who has not raised affirmative defenses would make when faced with a summary judgment motion. It is
 
 *704
 
 not, however, one of the bases for relief provided in the rule.
 
 [3]
 

 Indeed, the cases the Tolers cite to support their argument are distinguishable because, in those cases, the defendants actually raised affirmative defenses to
 
 pending
 
 summary judgment motions, and the appeals were from grants of summary judgment against them.
 
 See, e.g., Lazuran v. Citimortgage, Inc.,
 
 35 So.3d 189 (Fla. 4th DCA 2010) (reversing final summary judgment of foreclosure where the defendant raised the affirmative defense of unfulfilled contractual condition precedent);
 
 Verizzo v. Bank of New York,
 
 28 So.3d 976 (Fla. 2d DCA 2010) (reversing summary judgment of foreclosure where defendant had raised material factual issue concerning plaintiffs standing);
 
 Howell v. Ed Bebb, Inc.,
 
 35 So.3d 167 (Fla. 2d DCA 2010) (reversing summary judgment prior to filing of an answer where defendant had raised material issues at the summaiy judgment hearing). The principle those cases stand for — a plaintiff moving for summary judgment before an answer and defenses have been filed must conclusively refute possible defenses — does not apply in this post-judgment context.
 

 In sum, we hold that while the trial court erred in denying the Tolers’ motion as untimely, we nevertheless affirm because the Tolers’ motion failed to allege a colorable claim for relief pursuant to Florida Rule of Civil Procedure 1.540(b).
 

 Affirmed.
 

 POLEN and CONNER, JJ., concur.
 

 [1]
 

 .
 
 See Sterling Factors Corp. v. U.S. Bank Nat'l Ass’n,
 
 968 So.2d 658 (Fla. 2d DCA 2007);
 
 Nobani v. Barcelona Dev. Corp.,
 
 655 So.2d 250 (Fla. 5th DCA 1995);
 
 Sun Bank, N.A. v. Stocks,
 
 548 So.2d 305 (Fla. 1st DCA 1989);
 
 J.M. Realty Inv. Corp. v. Stern,
 
 296 So.2d 588 (Fla. 3d DCA 1974);
 
 Aluminum Irrigation, Inc. v. Empire Capitol Corp.,
 
 194 So.2d 922 (Fla. 2d DCA 1967);
 
 Holiday, Inc. v. Glaser,
 
 121 So.2d 677 (Fla. 3d DCA 1960);
 
 Maule Indus, v. Seminole Rock & Sand Co.,
 
 91 So.2d 307 (Fla. 1956);
 
 Grace v. Hendricks,
 
 103 Fla. 1158, 140 So. 790 (1932);
 
 Taylor v. Day,
 
 102 Fla. 1006, 136 So. 701 (1931);
 
 Fasel
 
 v.
 
 Cox,
 
 99 Fla. 968, 128 So. 33 (1930).
 

 [2]
 

 . As to the timeliness issue, section 702.07 is irrelevant under the facts of this case. Although recent case law has clarified that a motion for relief from judgment can be filed even after a sale,
 
 see Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n,
 
 968 So.2d 658, 662-65 (Fla. 2d DCA 2007), we are not confronted with that situation. Here, the Tolers apparently filed their motion to vacate the judgment before a second sale could occur.
 

 [3]
 

 . Even if we considered their argument to be one invoking excusable neglect, the motion would still be without merit. Excusable neglect requires showing excusable neglect, a meritorious defense, and due diligence.
 
 See Nationsbank, N.A. v. Regency Ctrs., Inc.,
 
 725 So.2d 439, 440 (Fla. 4th DCA 1999). Even assuming the defenses the Tolers mention are meritorious, they failed to make any allegations on excusable neglect and due diligence.