HANZMAN, MICHAEL, Associate Judge.
Appellant, Wells Fargo Bank, NA (“Wells Fargo”), the Plaintiff in this foreclosure action, seeks reversal of the trial court’s order denying its requests to: (a) approve a dismissal of the case; (b) set aside the previously entered final judgment; (c) cancel the notice of lis pendens-, and (d) direct the clerk to return the original loan documents upon which the foreclosure action was based. Wells Fargo sought this relief because on the eve of the foreclosure sale the pro se defendant, Michael J. Giglio (“Giglio”) delivered — and Wells Fargo accepted — funds sufficient to reinstate the mortgage, thereby obviating the need to sell the collateral or continue with the litigation.[1] Put simply, Giglio cured the default and the parties settled their dispute, an outcome the law favors. See, e.g., Sun Microsystems of Cal., Inc. v. Eng’g and Mfg. Sys., C.A., 682 So.2d 219, 220 (Fla. 3d DCA 1996) (“The public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will enforce them whenever possible.”).
Wells Fargo’s motion relied upon section 702.07, Florida Statutes (2011), as well as Florida Rule of Civil Procedure 1.540(b)(5). We have held that section 702.07 “standing alone does not create an independent, substantive right to vacate a judgment of foreclosure for any reason,” *61 and that the statute must be read together with Rule 1.540 which “provides the avenue” for such relief. See Toler v. Bank of Am. Nat’l Ass’n., 78 So.3d 699, 702, 703 (Fla. 4th DCA 2012). The pertinent part of Rule 1.540(b)(5) relied upon by Wells Fargo requires the movant to demonstrate that “it is no longer equitable that the judgment or decree should have prospective application.” Fla. R. Civ. P. 1.540(b)(5). Subsection (b)(5) was designed to provide “ ‘extraordinary relief in exceptional circumstances and is to be narrowly construed.” Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So.2d 242, 245 (Fla. 4th DCA 2006) (citation omitted).
As one would expect, relief under Rule 1.540(b)(5) is typically sought by a party against whom the subject judgment is entered — not, as in this case, the beneficiary of the judgment. But nothing in the rule suggests that Wells Fargo lacked an ability to seek vacatur of a judgment it received, relief Giglio did not oppose. The trial court nevertheless concluded that: (a) Wells Fargo’s motion failed to allege sufficient grounds under Rule 1.540; (b) the clerk could not return the original note because it was cancelled and incorporated into the final judgment; and (c) that as a result of the final judgment, Wells Fargo’s request for dismissal was moot. As the trial court had vacated the foreclosure sale, its order denying the related relief requested left the parties in legal limbo. A final judgment and lis pendens remained of record even though the mortgage had been reinstated, and Wells Fargo was denied possession of its original loan documents, thereby impeding its ability to seek relief in the event of a further default.
We hold that the trial court, having vacated the foreclosure sale, abused its discretion in refusing to grant the related collateral relief requested by Wells Fargo, which refusal prevented the parties from concluding their settlement. See Toler, 78 So.3d at 701 (“An order denying a motion for relief from judgment is reviewed for an abuse of discretion.”). The trial court clearly had jurisdiction to consider Wells Fargo’s Rule 1.540(b)(5) motion; and in light of the parties’ settlement — a result the law seeks to encourage — the relief requested should have been granted. See Wells Fargo Bank, N.A. v. Lupica, 36 So.3d 875 (Fla. 5th DCA 2010).[2]
The trial court’s January 13, 2012 Order Vacating Sale and Denying Remaining Motions is reversed to the extent it denied Wells Fargo’s requested relief, and the matter is remanded with instructions that the trial court enter such orders necessary to effectuate the parties’ settlement including an order which: (a) vacates the final judgment; (b) directs the clerk to return all original loan documents to Wells Fargo; (e) cancels the lis pendens; and (d) dismisses the case without prejudice.
GROSS and DAMOORGIAN, JJ., concur.

. The foreclosure sale took place and was subsequently vacated by the trial court at Wells Fargo’s request.

. We do not hold — or suggest — that a trial court is always obligated to vacate its judgment or orders at the request of settling parties. In many cases there may be compelling reasons not to do so, particularly if the judgment or order contains findings of fact or conclusions of law with implications that may reach beyond the case at hand. We merely hold that this case does not fall into that category and that the trial court abused its discretion under the facts presented.