# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-230
Lower Tribunal No. 08-51779
_____


**Pablo Salazar,**
Appellant,

vs.

**HSBC Bank, USA, NA,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Neustein Law Group and Nicole Moskowitz, for appellant.

Marinosci Law Group, P.C. and Bart T. Heffernan, (Ft. Lauderdale), for appellee.


Before WELLS, LAGOA and LOGUE, JJ.

WELLS, Judge.

This is an appeal from a post-final judgment order in a foreclosure action entered some three and one half years after a final judgment was entered. That post- judgment order declares the homeowner the prevailing party in the case and according to the homeowner when combined with earlier orders of the court dismisses the foreclosure action in its entirety. Because the court below was without jurisdiction to enter such a post judgment order, we reverse the order under review with instructions for the immediate release of the certificate of title currently being held by the clerk of the court.

This appeal stems from a simple, straight forward mortgage foreclosure action in which condominium owner Pablo Salazar was served with process, failed to answer or defend in any manner, and was defaulted. A summary judgment foreclosing the mortgage secured by Salazar's condominium was entered in January of 2009. Salazar filed no post-judgment motions at that time nor did he appeal from the final judgment.

Seven months later, in July of 2009, Salazar's condominium was sold and a certificate of sale was filed by the clerk of the court. Salazar, in a single motion, objected to the sale and moved to set aside the final judgment claiming only that he had been working with his lender, HSBC, to modify the now foreclosed loan and that HSBC had advised him not to worry about the default or the judgment because they would work it out. Although these grounds were legally insufficient to nullify

2

the foreclosure sale, the sale was vacated. See IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236-1237 (Fla. 3d DCA 2012) (confirming that it is well settled that "[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity **in the sale.**") (quoting Mody v. Cal. Fed. Bank, 747 So. 2d 1016, 1017–18 (Fla. 3d DCA 1999)) (emphasis added).[1] No order was entered on Salazar's motion to set aside the final judgment.

---

[1] As IndyMac Federal Bank FSB, 104 So. 3d at 1236-1237 explains:

> Florida case law is clear that the substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself. As this Court has noted, the purpose of allowing an objection to a foreclosure sale "is to afford a mechanism to assure all parties and bidders to the sale that there is no **irregularity at the auction or any collusive bidding,** etc." Emanuel v. Bankers Trust Co., N.A., 655 So. 2d 247, 250 (Fla. 3d DCA 1995) (emphasis added); see also CCC Props., Inc. v. Kane, 582 So. 2d 159, 161 (Fla. 4th DCA 1991) (noting that "the statute's provision for filing objections refers to the **objections to the conduct of the sale** as provided by the judgment and/or the statute") (emphasis added). Thus, it is well settled that "[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity **in the sale.**" Mody v. Cal. Fed. Bank, 747 So. 2d 1016, 1017–18 (Fla. 3d DCA 1999) (citing Arlt v. Buchanan, 190 So. 2d 575, 577 (Fla. 1966)) (emphasis added). At a minimum, then, an objection to a foreclosure sale must allege these facts. See Indian River Farms v. YBF Partners, 777 So. 2d 1096, 1098 (Fla. 4th DCA 2001) (affirming the trial court's summary denial of the appellant's objections to a foreclosure sale because "the objections did not raise

Six months later, the condominium was sold a second time and a new certificate of sale was filed. Salazar again moved to set aside the final judgment and objected to the second sale asserting the same grounds asserted in his first motion to set aside the final judgment and to nullify the first sale, that is, that he had been trying to renegotiate the now foreclosed loan and that HSBC had advised him that he did not need to worry about the foreclosure action. This time, both his

> any defect or irregularity with regard to the foreclosure sale itself nor with the inadequacy of price or any allegation that there was a mistake, accident, surprise, misconduct, fraud or irregularity in the sale itself").
>
> Under this standard, the Hagans' purported objection to the foreclosure sale was facially deficient as a matter of law. Although partially titled "objection to the foreclosure sale," the substance of the Hagans' motion did not challenge any conduct that occurred at, or which related to, the foreclosure sale itself. Instead, the Hagans argued that the Bank engaged in fraudulent conduct ***during the course of the litigation*** by presenting misleading information on issues tried before the trial court. Most significantly, the Hagans alleged that the Bank misrepresented that it, rather than the Successor Bank, was the holder of the Hagans' note and mortgage at the time Ms. Johnson–Seck executed her affidavit. Although such conduct, if in fact committed by the Bank, would have constituted an intrinsic fraud on the trial court, see Parker v. Parker, 950 So. 2d 388, 391 (Fla.2007) (defining intrinsic fraud as "the presentation of misleading information on an issue before the court that was tried or could have been tried"), it was entirely removed from, and unrelated to, the foreclosure sale. Because the Hagans did not allege that the foreclosure sale bid was grossly or startlingly inadequate or that the inadequacy of the bid resulted from some mistake, fraud, or other irregularity ***in the sale,*** the trial court should have summarily denied the Hagans' purported objection to the foreclosure sale.

See also Arsali v. Chase Home Fin., LLC, 79 So. 3d 845 (Fla. 4th DCA 2012); Phoenix Holding, LLC v. Martinez, 27 So. 3d 791 (Fla. 3d DCA 2010).

4

motion to set aside the final judgment and his objection to the sale were denied.

While these rulings marked the end of the trial court's jurisdiction over this matter[2]

except to enforce the final judgment by its terms[3], the court below nonetheless

ordered the clerk to withhold the certificate of title until such time as HSBC

appeared "to explain why the mortgage modification ha[d] not been completed,

ha[d] taken so long, and why [Salazar] will not qualify for a mortgage

modification." The trial court then "dismissed" the case and declared Salazar the

_____

[2] Rejection of Salazar's objections to the sale should have triggered the ministerial act of filing a certificate of title. See § 45.031, Fla. Stat. (2013) (requiring the clerk of the court to file and then record a certificate of title unless a timely objection is filed); § 702.07, Fla. Stat. (2013) (according he circuit courts of this state with the "jurisdiction, power, and authority to rescind, vacate, and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pursuant to the terms of such decree, and to dismiss the foreclosure proceeding upon the payment of all court costs"); Wells Fargo Bank, NA v. Giglio, 123 So. 3d 60, 60-61 (Fla. 4th DCA 2013) (holding that "section 702.07 'standing alone does not create an independent, substantive right to vacate a judgment of foreclosure for any reason,' and that the statute must be read together with Rule 1.540 which 'provides the avenue' for such relief" (quoting Toler v. Bank of America. Nat. Ass'n, 78 So. 3d 699, 702-03 (Fla. 4th DCA 2012)); Toler, 78 So. 3d at 703 ("Given the statute's [section 702.07] plain language and history, the statute and Rule 1.540 should be read together with, so that, as in other civil cases, Rule 1.540 provides the avenue for relief from a judgment of foreclosure.").

[3] The final judgment entered below reserved jurisdiction only to issue writs of possession and deficiency judgments "except where a discharge is applicable or where service of process was not personally obtained," and expressly provided that "[o]n the filing [of] the Certificate of Title, [Salazar] and all persons claiming under or against [Salazar] since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property."

prevailing party for the purpose of awarding attorney's fees after HSBC failed to appear to explain itself.

We reject the argument advanced by Salazar that this last order nullified the final judgment of foreclosure making him the prevailing party for an award of attorney's fees. "Trial courts do not . . . have the power, absent an appropriate motion under Florida Rules of Civil Procedure 1.530 or 1.540, to modify a judgment once it becomes final." Vargas v. Deutsche Bank Nat'l Trust Co., 104 So. 3d 1156, 1165-66 (Fla. 3d DCA 2013) (quoting Levy v. Levy, 900 So. 2d 737, 745 (Fla. 2d DCA 2005) ("Trial courts have no authority to alter, modify, or vacate a final judgment except as provided in Florida Rules of Civil Procedure 1.530 and 1.540.")); see also Cent. Mortgage Co. v. Callahan, 39 Fla. L. Weekly D1478 (Fla. 3d DCA July 16, 2014) (holding where a final judgment of foreclosure does not reserve jurisdiction to consider a specific matter but only reserves jurisdiction to issue writs of possession and deficiency judgments, a trial court has no jurisdiction to consider matters not specifically authorized by law).

In sum, after the court below correctly rejected Salazar's last motion to set aside the final judgment (and denied his objections to the last sale), the court below had no authority to either order HSBC to explain why it had not agreed to renegotiate Salazar's loan or to dismiss this foreclosure action. [4]

---

[4] This is especially so in this case since Salazar never alleged a legally sufficient claim under Rule 1.540.  See Fla.R.Civ.P. 1.540(b) (authorizing relief from

6

The order on appeal is therefore reversed with instructions to the clerk of the court to file and record the certificate of title validating the last sale of Salazar's condominium. In the event the certificate at issue is no longer valid, the condominium is to be resold and a certificate of sale and title filed and recorded forthwith.

---

judgments for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not with due diligence have been discovered in time to move for a new trial or rehearing; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) where a judgment is void; or (5) where a judgment has been satisfied, released, or discharged; where a prior judgment on which a judgment is based has been reversed; or where it is no longer equitable to give a judgment prospective application). Salazar's claim that he had been trying to renegotiate his loan and that HSBC had represented that it would be worked out fails to state a claim under any of these grounds including a claim of misrepresentation or fraud. See Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (holding that the essential elements of fraudulent misrepresentation are: (1) a false statement concerning a material fact; (2) made with the representor's knowledge that the statement is false; (3) made with the intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation); Cady v. Chevy Chase Sav. & Loan, Inc., 528 So. 2d 136, 138 (Fla. 4th DCA 1988) (confirming that "allegations that certain representations made were false without designating which ones were false and who made them does not constitute an acceptable pleading of a defense based upon false misrepresentation"); see also Parra de Rey v. Rey, 114 So. 3d 371, 386 (Fla. 3d DCA 2013)(confirming that fraud must be pled with particularity and must specifically identify misrepresentations or omissions of fact, as well as the time, place or manner in which they were made).\