DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN FITZPATRICK** and **LAI FONG FITZPATRICK,**
Appellants,

v.

**KELLY M. MEREDITH, D.C.** and **FLORIDA SPINE AND DISC CENTER, INC.,**
Appellees.

No. 4D17-3438

[June 6, 2018]

Appeal of non-final order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case No. 562011CA000898.

Christopher M. Larmoyeux of Larmoyeux & Bone, P.L., West Palm Beach, for appellants.

Scott D. Kirschbaum of Schwartz & Kirschbaum, Miami, for appellee Kelly M. Meredith, D.C.

MAY, J.

The plaintiffs in a medical malpractice action appeal an order granting the defendant doctor's motion for relief from a summary judgment on indemnification of the doctor's employer. They argue the doctor waived the right to contest the indemnification judgment because she agreed to its entry. We disagree and affirm.

The plaintiffs sued the doctor and her employer for medical malpractice. The employer cross-claimed against the doctor for a defense to the malpractice claim and for indemnification.

The employer settled with the plaintiffs for $1,000,000, and a final judgment for that amount was entered against it. In exchange for this stipulated judgment, the employer agreed to help the plaintiffs collect the million dollars from the doctor's insurer.

The plaintiffs and the employer then moved for summary judgment

against the doctor on the cross-claim for indemnity.  The doctor filed a written opposition and cross-moved for summary judgment.  At the hearing, however, the doctor's private counsel did not object to entry of the summary judgment against the doctor.

The original trial court granted the motion, stating the following.

> It is undisputed that following Plaintiffs' filing the Complaint against the Defendant, Kelly M. Meredith, D.C. and Florida Spine and Disc Center, Inc., that a demand was made to the Defendant Kelly M. Meredith, D.C., through her insurance agent, Arthur J. Gallagher of Risk Management Services, Inc. to provide a defense against the Plaintiffs' claims.  The rule of indemnification is that an indemnitor, who has notice that a lawsuit has been filed and who is afforded an opportunity to appear and defend it is bound by a judgment rendered against the indemnitee.  *Camp, Dressler & McKee, Inc., v. Paul N. Howard,* 853 So. 2d 1072 (Fla. 5th DCA 2003).  Lastly, there is no dispute as to the potential liability of the Defendant, Florida Spine and Disc Center, Inc. as a result of the alleged negligent conduct of Kelly M. Meredith, D.C.

The trial court entered a final indemnification judgment against the doctor for $1,000,000.  The doctor did not appeal the judgment.  The employer then assigned all of its rights to the final judgment on indemnification to the plaintiffs.

The liability trial against the doctor took place three years after the indemnity judgment was entered before a new judge.[1]  The jury returned a verdict favoring the doctor, and the successor trial court entered a final judgment.

The plaintiffs then sought to execute on the assigned indemnity judgment against the doctor.  The doctor filed an amended motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540(b)(5).  She argued that it was inequitable to enforce the indemnification judgment now that she had been exonerated from liability.  The court held a non-evidentiary hearing and granted the motion.

> My ruling is premised upon the application of Rule 1.540(b)5 to the facts of this case.  A jury verdict was rendered after the

---

[1] The original judge assigned to the case retired.  The successor judge presided over the liability trial and the hearing on the Rule 1.540(b)(5) motion.

final judgment on indemnity. The final judgment of indemnity was premised upon "alleged" actions. After the entry of the final judgment of indemnity, a jury found there was no negligence of Dr. Meredith. As such, there was no trigger of the "alleged" actions upon which the final judgment of indemnity could flow. There is, number one, neither a basis of the previously "alleged" negligence, nor, number two, was there any corpus for the indemnity itself. There is no inconsistent position taken here by Dr. Meredith. Relief from judgment is granted under the Rule.

The trial court entered an order, which included the following findings:

1. The indemnity judgment was a premature action because at the time the judgment was entered, there had been no trial, and no liability had been affixed.

2. After the indemnity judgment, a jury found Dr. Meredith not guilty, and "[c]onsequently, there was neither a basis (trigger) upon which an indemnity judgment could flow, nor any corpus for the indemnity itself."

3. The court sets aside the indemnity judgment "as it is no longer equitable that it should have prospective application as a result of the subsequent defense verdict and judgment rendered in favor of [Dr. Meredith]."

From this order, the plaintiffs now appeal.

The plaintiffs continue to argue the final summary judgment on indemnification was a "settlement agreement," an arms-length transaction, and there is no basis to set it aside. They argue the trial court erred in granting the rule 1.540(b)(5) motion because the doctor never sought rehearing nor appealed the indemnification judgment.

The doctor responds that the defense liability verdict makes enforcement of the indemnification judgment inequitable. She argues the original judge prematurely entered the indemnity judgment, and rule 1.540(b)(5) provides a mechanism for relief from an inequitable judgment. We agree.

We review orders on Rule 1.540 motions for an abuse of discretion. *Morrison v. West*, 953 So. 2d 755, 757 (Fla. 4th DCA 2007) (quoting *Kroner v. Singer Asset Fin. Co.*, 814 So. 2d 454, 456 (Fla. 4th DCA 2001)).

3

While it is unusual for indemnity to be determined before liability, it seems to have happened here. When that happens, the indemnification judgment is considered premature. *Dade Cty. Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638, 643-44 (Fla. 1999); *see also Rea v. Barton Protective Servs., Inc.,* 660 So. 2d 772, 773-74 (Fla. 4th DCA 1995) (holding that a summary judgment on an indemnity cross-claim is premature when liability has not yet been determined).

Rule 1.540(b)(5) requires the movant to demonstrate that "it is no longer equitable that the judgment or decree should have prospective application." Fla. R. Civ. P. 1.540(b)(5); *Wells Fargo Bank, NA v. Giglio,* 123 So. 3d 60, 61 (Fla. 4th DCA 2013). It provides a mechanism for equitable relief from a premature judgment. *See Behar v. Jefferson Nat'l Bank at Sunny Isles,* 519 So. 2d 641, 644 (Fla. 3d DCA 1987) (discussing the co-defendant's ability to move to set aside a default judgment under rule 1.540(b)(5) if a subsequent trial ended in a favorable outcome for co-defendants).

What is unique about this case is the doctor's apparent agreement to entry of the summary judgment on indemnification. It should be noted that the doctor filed an opposition to the motion and cross-moved for summary judgment on the indemnification claim prior to the hearing. Nevertheless, the doctor's private attorney appears to have agreed to the entry of the summary judgment.[2]

Rule 1.540(b)(5) provides for equitable relief to the doctor under the circumstances of this case. The trial court correctly vacated the indemnification summary judgment. We therefore affirm.

*Affirmed.*

GERBER, C.J., and WARNER, J., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The transcript reveals that issues of insurance coverage and whether counsel retained by the insurer for the doctor on the malpractice claim could represent her on the cross-claim for indemnification. In fact, counsel retained by the insurer withdrew at the hearing, and the doctor's private attorney took over her representation. This may have affected the positions taken by the parties at that hearing.