DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN AFFENITA, PRO THOTICS TECHNOLOGY, INC., ADVANCED BIOCEUTICALS LIMITED, LLC, NASS VALLEY GATEWAY, LTD.,** and **MARGARET AFFENITA,** et al.,
Appellants,

v.

**HOWARD I. STORFER,** et al.,
Appellees.

No. 4D22-1090

[January 18, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Bidwill, Judge; L.T. Case No. 21-001155-CACE-05.

Saul Roffe of the Law Offices of Saul Roffe, P.C., Marlboro, New Jersey, and Ricardo A. Banciella of Ricardo A. Banciella, P.A., Miami, for appellants.

Scott M. Behren of the Behren Law Firm, Weston, for appellee Howard I. Storfer.

PER CURIAM.

Appellants appeal an order denying their motion to vacate default final judgments entered against them. We affirm on all issues except the ruling that Appellants waived their defense of lack of personal jurisdiction. We conclude that defense was timely raised and not waived. Thus, we reverse and remand for further proceedings as to that issue.

"An order denying a motion for relief from judgment is reviewed for an abuse of discretion." *Toler v. Bank of Am., Nat'l Ass'n,* 78 So. 3d 699, 701 (Fla. 4th DCA 2012). However, "[q]uestions of law . . . are reviewed *de novo.*" *Id.* at 701-02.

We agree with Appellants that the trial court erred in concluding that they waived their defense of lack of personal jurisdiction. Appellants raised the lack of personal jurisdiction before the trial court heard their

initial motion to vacate, and Appellants did not take any action in the case that was inconsistent with the lack of personal jurisdiction defense. *See Modway, Inc. v. OJ Com., LLC*, 331 So. 3d 723, 725 (Fla. 4th DCA 2021).

If the trial court lacked personal jurisdiction over any of the Appellants, the judgment is void as to that Appellant and may be attacked at any time. *See Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015) ("If the judgment is void, a party is not required to demonstrate excusable neglect, a meritorious defense, or due diligence in moving to set aside the [default] judgment.") (citations omitted); *Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 614 (Fla. 4th DCA 2015) ("[T]he time limit for void judgments is 'within a reasonable time.' However, that language has been construed to mean almost no time limit.") (citations omitted).

However, the trial court did not reach the merits of Appellants' defense that the trial court lacks personal jurisdiction over most of the Appellants, and thus we remand for further proceedings on that issue.

On remand, Appellee shall be permitted to file competing jurisdictional affidavits, and, if appropriate, the trial court shall conduct a hearing under *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), to determine whether it has personal jurisdiction over the foreign defendants.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

KLINGENSMITH, C.J., MAY and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***